UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SHERRY L. RUFF,<br><br>          Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY;<br><br>          Defendant. | 4:18-CV-04057-VLD<br><br>AMENDED ORDER<br>GRANTING PLAINTIFF'S MOTIONS<br>FOR ATTORNEY'S FEES AND COSTS<br><br>DOCKET NOS. 22 & 27 |

## INTRODUCTION

Following the court's order remanding this case to the Social Security agency for further consideration, plaintiff Sherry Ruff filed a motion and supplemental motion for an award of attorney's fees, expenses, and costs. See Docket Nos. 22 & 27. The Commissioner objected in part to the request. See Docket No. 25.

## DISCUSSION

Under the EAJA, a prevailing party in a civil suit against the United States or one of its agencies shall be awarded attorney's fees and costs. See 28 U.S.C. § 2412(a) and (d)(1)(A). However, if the court finds that the government's position was substantially justified, the court may choose not to make such an award. Id. at (d)(1)(A).

An application for fees and costs under the EAJA must be made "within thirty days of final judgment in the action." See 28 U.S.C. § 2412(d)(1)(B). By local rule, litigants seeking attorney's fees in this district must file a motion for attorney's fees within 28 calendar days after the entry of judgment, absent a showing of good cause. See DSD L.R. 54.1C. Here, the court entered final judgment in Ms. Ruff's favor on January 18, 2019. See, Docket No. 19. Ms. Ruff filed her motion for attorney's fees on January 22, 2019. See Docket No. 22. Thus, Ms. Ruff's motion is timely.

In order to avoid an award of attorney's fees under the EAJA, the government's position must have been "substantially justified" at both the administrative level and at the district court level. Kelly v. Bowen, 862 F.2d 1333, 1337 (8th Cir. 1988). In determining whether the government's position was substantially justified, the court should examine whether that position had a clearly reasonable basis in fact and in law, "both at the time of the Secretary's decision and the action for judicial review." Id.; Goad v. Barnhart, 398 F.3d 1021, 1025 (8th Cir. 2005). The government's position can be factually and legally reasonable, "solid," even though that position turned out to be not necessarily correct. Kelly, 862 F.2d at 1337. A loss on the merits does not give rise to a presumption that the Commissioner's position was not substantially justified. Goad, 398 F.3d at 1025. The Commissioner bears the burden of proving that its position was substantially justified. Id.

Ms. Ruff requested an award of the following:

| | |
|---|---:|
| Attorney's Fees ($192.00 hourly rate x 51.95[1] hours) | $ 9,974.40 |
| Sales Tax on Attorney's Fees (6.5%) | 648.34 |
| Expenses | 20.73 |
| Filing Fee | 400.00 |
| TOTAL AWARD REQUESTED: | $ 11,043.47 |

The Commissioner does not take issue with Ms. Ruff's entitlement to an award in general, nor with counsel's hourly rate, nor with the sales tax, expenses, or filing fee part of the request. Instead, the Commissioner seeks a reduction of Ms. Ruff's attorney's fees to 35 hours, so that it falls within the "customary" hours of 20 to 40 hours "routinely" spent on a "typical" social security file. The Commissioner also raises one specific issue regarding the time entries.

The Commissioner argues that 1.15 hours reviewing the file and discussing with Ms. Ruff the in forma pauperis motion, drafting the IFP paperwork, complaint and coversheet are not compensable because work performed at the administrative level is not compensable. This is true. But the IFP paperwork and the complaint were not necessitated, required or allowable at the administrative level. Those activities were directly related to pursuing the administrative appeal to this court. As such, they are allowable expenses.

---

[1] Counsel originally requested 50.2 hours. See Docket No. 22. However, she requests an additional 1.75 hours for preparing her reply brief on the instant motion. See Docket No. 27.

As to the Commissioner's general objection, she argues the total number of attorney hours expended is too much given the experience of Ms. Ruff's attorney, the routine nature of the issues raised, the fact that current counsel filed a brief for Ms. Ruff to the Appeals Council below, and the amount of time spent drafting the facts in the brief. The Commissioner requests this court to reduce Ms. Ruff's counsel's hours to 35 hours only.

Ms. Ruff argues her counsel's expertise should not be used as a sword—or a shield—against her. Instead, the court should be guided by whether the number of hours requested is reasonable. Ms. Ruff points out that she won a remand order on a majority of issues raised, and favorable treatment of some issues on which she did not win the remedy sought.

In Hensley v. Eckerhart, 461 U.S. 424 (1983), the Court explored the legislative history of 42 U.S.C. § 1988 allowing awards of attorney's fees for prevailing plaintiffs in civil rights litigation. Courts should apply the lodestar method: multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. Id. at 433. In determining the lodestar, the Court noted that Congress cited approvingly to the 12 factors outlined in Johnson v. Georgia Hwy. Express, Inc., 488 F.2d 714 (5th Cir. 1974).[2] Hensley, 461 U.S. at 429-30. Courts applying the EAJA have applied the rationale from Hensley and other civil rights attorney's fees statutes. Costa v. Comm'r. Social Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012).

---

[2] In Blanchard v. Bergesen, 489 U.S. 87, 93 (1989), the United States Supreme Court overruled that part of Johnson which held that a contingent fee agreement imposes an automatic cap on attorney's fee award.

4

The twelve Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney in order to accept the case; (5) the customary fee; (6) whether the fee is hourly or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 718-19.

In Costa, the Ninth Circuit stated it is unlikely a lawyer will spend unnecessary hours on a contingent fee case in order to inflate her fee award in a case like a social security appeal because "[t]he payoff is too uncertain." Costa, 690 F.3d at 1136 (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1112-13 (9th Cir. 2008)). The court noted that social security cases by their very nature are fact-intensive and require careful review of the administrative record, making the adjective "routine" "a bit of a misnomer." Id. at 1134 n.1. Instead, the court cautioned deference to the "winning lawyer's professional judgment as to how much time he was required to spend on the case." Id. at 1136. The court held that a district court can reduce an attorney's fee award by up to 10 percent without detailed explanation, but larger cuts required more specific explanation. Id.

The court rejected the lower court's application of a "rule of thumb" of 20 to 40 hours for a "routine" social security case. Id. The court noted surveying

5

fee awards in similar cases was useful in determining the reasonable hourly rate, but it was "far less useful for assessing how much time an attorney can reasonably spend on a specific case because that determination will always depend on case-specific factors including" the size of the administrative record, the novelty and complexity (and number) of legal issues, the procedural history and when counsel was retained. Id. at 1136.

In Hogan v. Astrue, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008), the court noted that routine social security cases require an average of 20 to 40 hours of attorney time. However, the court noted that it did not hesitate to award fees in excess of the routine 20-40 hours where the facts of a specific case warrant it. Id. (citing cases where 51.9 hours and 51 hours were awarded). In the Hogan case itself, the administrative transcript was 353 pages and the substantive issues involved were not noteworthy; the court found the attorney's requested hours of 54.0 to be "slightly excessive." Id. The court reduced the fee award by 5 percent. Id.

In Harden v. Comm'r. Social Sec. Admin., 497 F. Supp. 2d 1214 (D. Or. 2007) abrogated on other grounds by Costa v. Comm'r of Social Security, 690 F.3d 1132, 1137 (9th Cir. 2012), the total attorney's fees requested were reduced to 40 hours where 24 hours had been billed by an inexperienced attorney whom, the court held, did not have the right to be trained at the government's expense. The court in Coleman v. Astrue, 2007 WL 4438633 at *3 (N.D. Iowa Dec. 17, 2007), also noted that other courts have held routine disability benefits cases commonly require 20 to 40 hours of attorney time and

6

reduced counsel's hours because the transcript was only 294 pages and the issues were not particularly complex or novel.

Here, Ms. Ruff's case required an opinion of 91 pages to discuss and resolve five distinct legal issues (four issues, one with two subparts). See Docket No. 19. Ms. Ruff asserted numerous mental and physical impairments. Id. The administrative record in her case was 950 pages. Although the length of the administrative record was certainly not unheard of, it was longer than usual and, thus, not typical. The reduction the Commissioner seeks is not minor but instead amounts to a 33 percent reduction in Ms. Ruff's original attorney hours. The court finds that reduction unwarranted.

Although Costa indicates comparison with attorney awards in other cases is not very useful in a social security case as to the number of hours expended by an attorney, that is one of the Johnson factors the Hensley Court found relevant. Accordingly, the court considers it. In the District of South Dakota, recent attorney's fee awards in social security cases have ranged from 24.4 hours for a rather surgical, single-issue case (Preston v. Berryhill, 5:16-cv-05097-VLD), to 43.75 hours in a case involving four legal issues which were resolved in a 75-page opinion (LeMair v. Colvin, 4:14-cv-04053-LLP). The court notes that in the latter case, although the attorney hours were only 43.75 hours, the total attorney's fee award was higher than what Ms. Ruff seeks herein ($10,879.50) because the hourly rate requested was higher.

A total of 41.50 hours was awarded for a total of $7,055 in a single-issue appeal requiring an opinion of only 41 pages to resolve (Bormes v. Berryhill,

4:16-cv-04155-VLD). In Bormes, the Commissioner did not object to the request for attorney's fees. In Seay v. Berryhill, 5:16-cv-05096-VLD, Docket No. 37 (D.S.D. June 15, 2018), attorneys fees of $9,092.28 were awarded based on total hours expended of 46.78. In Webb v. Berryhill, 5:16-cv-0585-VLD, Docket No. 32 (D.S.D. May 9, 2018), attorneys fees were awarded based on total hours of 54.76.

Thus, the court finds Ms. Ruff's request for attorney's fees in this case, although at the slightly higher end of the range, is definitely not an outlier in either hours expended or the total amount of fees requested. Although the Commissioner asserts the court should award only 35 hours of work, the Commissioner appears to have arbitrarily picked this number. She offers no rationale in support of the figure other than to argue generally that Ms. Ruff's request is "too much."

The Commissioner argues the hours expended are excessive because Ms. Ruff's current counsel took over representing Ms. Ruff after the ALJ issued its opinion and submitted a brief to the Appeals Counsel on Ms. Ruff's behalf. Therefore, according to the Commissioner, Ms. Ruff's counsel had familiarity with the administrative record prior to appealing to this court and should not have needed so much time to set forth the issues and facts in support thereof.

The brief submitted at the administrative level, AR379-80, is truly boilerplate in nature. It does not contain detailed discussion of either the facts or the law. Furthermore, it was filed only one month after counsel was hired by Ms. Ruff. This rudimentary brief contains no evidence that counsel was so

familiar with the administrative record and applicable law that he need not have expended the time he represents he did expend in presenting Ms. Ruff's appeal to this court.

Other <u>Johnson</u> factors are the novelty and difficulty of the questions, a factor which here favors Ms. Ruff because although the legal issues themselves are recurring, the application of those legal issues to Ms. Ruff's unique facts are not. The results obtained also favor Ms. Ruff as she prevailed many of the issues she raised. The Commissioner tacitly concedes the experience, reputation and ability of Ms. Ruff's attorney by not arguing to the contrary on this basis.

The "undesirability" of the case also cuts in Ms. Ruff's favor. Social security cases present what can fairly be characterized as the "worst" of all cases economically for a lawyer: they require a high level of skill and knowledge in a byzantine area of the law, they are contingent fee cases which are risky because a lawyer may end up working for free if he loses a case, and that risk is not offset by a higher recovery in successful cases because the fees are limited by statute.

The court does agree with <u>Costa</u> in this regard: it is highly unlikely that an attorney will spend unnecessary time on a contingent fee case in the hopes of inflating a later fee award. The nature of contingent fee cases requires that attorneys hone their efficiency—the lawyer who doesn't do so soon finds him- or herself unable to earn a living. Ms. Ruff's attorney has been able to thread

this needle for a number of years, attesting to his ability to handle social security cases efficiently.

## CONCLUSION

Based on the foregoing facts, law and analysis, it is hereby

ORDERED that plaintiff Sherry Ruff's motions for attorney's fees, costs, and expenses [Docket No. 22 & 27] are granted. Plaintiff is awarded Equal Access to Justice Act ("EAJA") attorney's fees of $9,974.40, sales tax of $648.34, and postage expense of $20.73 for a total of $10,643.47, to be paid by the Social Security Administration. Further, plaintiff is awarded reimbursement of costs of $400.00, to be paid by the Judgment Fund. Funds shall be made payable to plaintiff. After any offset to satisfy any pre-existing debts the plaintiff may owe to the United States, the Treasury Department will send the remaining amount to the office of plaintiff's counsel.

DATED February 15, 2019.

BY THE COURT:

_Veronica L. Duffy_
VERONICA L. DUFFY
United States Magistrate Judge